| STATE OF LOUISIANA | * | NO. 2019-KA-0251 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| COREY DENSON (FINANCIAL CASUALTY & SURETY, INC.) | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
|---|---|
| STATE OF LOUISIANA | NO. 2019-KA-0252 |
| VERSUS | |
| WILFRED CELESTINE & KENDALL CELESTINE | |

*TFL*

**LOVE, J., CONCURS IN PART AND DISSENTS IN PART AND ASSIGNS REASONS**

In regards to Mr. Celestine, I respectfully concur with the result reached by the majority. I find that the record shows that Financial attached to its motion a letter of verification of incarceration from Orleans Parish verifying Mr. Celestine's incarceration. However, Financial did not provide the transportation costs until the November 2018 hearing on its motion to set aside the judgment of bond forfeiture, over two years after Mr. Celestine had returned to St. Bernard Parish. The express language of La. C.Cr.P. art. 345(D)(3) requires that the surety pay the reasonable costs of returning the defendant prior to the defendant's return. Financial failed to pay the transportation costs prior to Mr. Celestine's return; thus, considering the strict construction of the bond forfeiture provisions the courts apply, I find the trial court erred in setting aside the judgment of bond forfeiture as it relates to Mr.

1

Celestine. I note that while "a harsh remedy [is] creating by forfeiting a bond" in this instance, application of the plain language of La. C.Cr.P. art. 345(D)(3) requires a finding that Financial failed to satisfy the condition set forth in subsection (D)(3).

Regarding Mr. Denson, unlike the majority, I agree with Financial that the trial court erred in granting the State's exception of prescription. As of the November 2018 hearing, Mr. Denson was never returned to St. Bernard Parish to answer the underlying charges. La. C.Cr.P. art. 345(D)(3) requires the surety to pay the reasonable transportation costs of the defendant prior to the defendant's return. In that Financial has deposited the costs of returning Mr. Denson to St. Bernard Parish into the registry of the court prior Mr. Denson's return, strict construction and application of statute dictates finding Financial has satisfied the payment requirement of La. C.Cr.P. art. 345(D)(3).

I do not interpret subsection (D)(3) to mean, as the surety suggests, that a surety may pay reasonable transportation costs at *any time prior to a court's ruling* on the surety's motion to set aside a judgment forfeiting the bond. The plain language of subsection (D)(3) requires that a surety pay the costs prior to the defendant's return. The inquiry is whether the transportation costs have been paid prior to the defendant's return, not whether payment has been made prior to the trial court's ruling on the surety's motion. Although it is not the case in either of the matters presently before us, it is easy to contemplate a situation in which a defendant is returned prior to the trial court's ruling on its motion to set aside. In

2

that instance, La. C.Cr.P. art. 345(D)(3) application remains the same. The surety is still required to demonstrate that the transportation costs were paid prior to the defendant's return. Based on the foregoing, I would reverse the trial court's judgment granting the State's exception of prescription in Mr. Denson's case.

Further, the State claims Financial submitted insufficient proof of Mr. Denson's incarceration. The record indicates that Financial filed its motion to set aside the judgment of bond forfeiture in Mr. Denson's case on April 27, 2015. Attached to its motion was a March 31, 2015 letter of incarceration verifying that Mr. Denson was booked and taken into custody in St. Tammany Parish on January 29, 2015 and so remained, at least until March 31, 2015, as no release date is noted. After the trial court set Financial's motions for contradictory hearing, Financial supplemented its motion with evidence that in November 2018, Mr. Denson was incarcerated in Oklahoma.

In its brief to this Court, the State argues that the purpose of Article 345(D) is two-fold: (1) it establishes an affirmative defense if the surety cannot actually surrender the defendant; and (2) it "puts the State on notice [during the period of surrender] of the defendant's whereabouts so that the State can take measures to secure the presence of the defendant." The State contends that, at minimum, Financial must prove that Mr. Denson was incarcerated when the motion was filed. The letter of incarceration indicates that Mr. Denson was incarcerated in St. Tammany Parish until at least March 31, 2015. According to the State, however, because the motion seeking relief under La. C.Cr.P. art. 345(D) was not filed until

3

April 27, 2015, there is no evidence to establish Mr. Denson's continued incarceration from April 1, 2015, up to the time the motion was filed on April 27, 2015. The State further claims that it "did not even have notice of the defendant's original detention because the State had never been served with the motion filed under Article 345(D)." Thus, the surety's attempt to notify the State as to Mr. Denson's location on November 8, 2018, prevented the State from securing Mr. Denson's presence during the period of surrender. We find the record does not support the State's assertion.

The State is correct that the letter of incarceration demonstrates that Mr. Denson was incarcerated in St. Tammany Parish from January 29, 2015, to, at least, March 31, 2015. The State claims that with no notice of Mr. Denson's whereabouts until November 2018, it was unable to secure Mr. Denson's presence. However, the record also shows that after Financial filed its original motion, on April 27, 2015, with proof of Mr. Denson's incarceration in St. Tammany Parish, the State actively took measures to secure Mr. Denson's presence during the period of surrender. The record contains a copy of the State's May 16, 2015 petition seeking to have Mr. Denson transported from St. Tammany Parish to St. Bernard Parish. The record also contains the accompanying order the trial court signed granting the State's request to secure Mr. Denson's appearance. Thus, despite the State's claim that it "did not even have notice of [Mr. Denson's] original detention because the State was never served with the motion," actions taken by the State demonstrate that it not only knew of Mr. Denson's original detention, but also took

steps to secure his presence during the period for surrendering the defendant. It is unclear why Mr. Denson was not transported pursuant to the trial court's May 2015 order. Nevertheless, its actions, at a minimum, evidence the State's constructive acknowledgment that Mr. Denson was still incarcerated in St. Tammany Parish after Financial filed its motion to set aside the judgment of bond forfeiture. Therefore, I find the evidence supports Financial's claims that Mr. Denson remained incarcerated in St. Tammany Parish at the time it filed its original motion and thereafter, in May 2015, when the State filed a petition for writ of habeas corpus to have Mr. Denson transported back to St. Bernard Parish.

At the hearing on Financial's motion, the State also argued that Article 345(D) requires that the surety prove that the defendant remains incarcerated in the same facility (and not transferred to a different facility) from the time the surety's motion is filed to the time the trial court hears and rules on the motion. The trial court rejected this argument. It reasoned that, from a practicality standpoint, interpreting La. C.Cr.P. art. 345(D) in this way would render the statute meaningless as defendants are constantly moved between facilities for a multitude of reasons, many of which the surety cannot control. Under the State's construction of La. C.Cr.P. art. 345(D)(2), the surety must prevent the transfer of an inmate from one facility to another in order to satisfy the second requirement. This additional obligation created under the State's interpretation is not supported by law as the surety has no authority over the incarcerated individual. There is no support in any provision of La. C.Cr.P. art. 345 or jurisprudence that stands for the

5

State's proposition.  I find no merit to the State's arguments and further conclude the record supports our finding that Financial has complied with the requirements of La. C.Cr.P. art. 345(D)(2) in Mr. Denson's case.